IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00150-BNB

DONALD JOSEPH WEST,

     Plaintiff,

v.

CHEIF [sic] OF POLICE ROBERT TAYLOR, Police Dept.
SGT. HILL, Internal Affairs, Police Dept.,
SHERIFF BRAIN THOMAS, Potter Co. Sheriff,
SHERIFF JOEL RICHARDSON, Randall Co. Sheriff,
DOCTOR LACEY, Medical Doctor, Jail Doctor,
U.S. MAGISTRATE JUDGE CLINTON E. AVERITTE,
U.S. DISTRICT JUDGE MARYLOU ROBINSON, and
UNKNOWN POLICE OFFICERS, Amarillo Police,

     Defendants.

---

## ORDER OF TRANSFER

---

Plaintiff, Donald Joseph West, currently is incarcerated at the Randall County Jail in Amarillo, Texas. Mr. West, acting *pro se*, filed a Prisoner Complaint (ECF No. 16) pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 15). As relief he asks for money damages, his release from incarceration, and medical treatment. He was granted leave to proceed *in forma pauperis* pursuant to § 1915.

The Court must construe the Prisoner Complaint liberally because Mr. West is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the

complaint and the action will be transferred to the United States District Court for the Northern District of Texas (Amarillo) (Northern District of Texas).

Mr. West asserts that on November 7, 2012, he was arrested by police in Amarillo, Texas, and subjected to excessive force.  He asks for medical attention from medical personnel at the Randall County Jail.  He also complains that the federal magistrate judge, Clinton E. Averitte, and district judge, Mary Lou Robinson, handling his criminal case are prejudiced against him.  A review of the docketing records on PACER (Public Access to Court Electronic Records), www.pacer.gov, reveals that Mr. West is the defendant in No. 12-cr-00049-J-BB-1 in the Northern District of Texas (Amarillo), and charged with federal bank robbery offenses.  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

This Court is not the proper venue to adjudicate Mr. West's claims.  Title 28 U.S.C. § 1391(b) sets forth the rules that govern venue in federal courts.  In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in

2

which any defendant is subject to the court's personal
jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  As noted above, Mr. West is incarcerated in the State of Texas

and alleges that the defendants in this action reside in Texas and the events or

omissions giving rise to his claims occurred in Texas.  Mr. West's allegations are

insufficient to establish proper venue in the District of Colorado.

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a

suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the

interest of justice."  *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).  Pursuant

to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the

wrong division or district shall dismiss, or if it be in the interest of justice, transfer such

case to any district or division in which it could have been brought."

The Court finds that the claims in the complaint could have been brought in the

Northern District of Texas, the judicial district in which Mr. West and the defendants

reside and the events giving rise to his claims occurred.  The Court also finds that it

would be in the interest of justice to transfer this case to the Northern District of Texas

rather than to dismiss it.

Accordingly, it is

ORDERED that the clerk of the Court is directed to transfer this action to the United States District Court for the Northern District of Texas (Amarillo) pursuant to 28 U.S.C. § 1406(a).

DATED March 7, 2013, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court